**COMMONWEALTH of Kentucky, Appellant,**

v.

**Sherri Leigh HALL, Appellee.**

**No. 1998–CA–001472–MR.**

Court of Appeals of Kentucky.

Aug. 13, 1999.

Discretionary Review Denied by Supreme Court April 12, 2000.

A.B. Chandler III, Attorney General, Perry T. Ryan, Assistant Attorney General, Frankfort, Kentucky, for Appellant.

Kristi L. Gray, Pikeville, Kentucky, for Appellee.

Before: DYCHE, KNOX, and SCHRODER, Judges.

*OPINION*

KNOX, Judge:

The Commonwealth appeals from the ruling of the Floyd Circuit Court suppressing the confession of Sherri Leigh Hall (Hall).

In July 1997, the Floyd County grand jury returned an indictment charging Hall with three (3) counts of first-degree sod-

omy, three (3) counts of incest, and one (1) count of first-degree sexual abuse. The charges all related to offenses committed against her infant daughter. Hall's husband, Raymond Hall, was also charged in conjunction with the events.

Hall initially denied the allegations made against her and agreed to submit to a polygraph examination to be conducted by the Kentucky State Police. In April 1997, she met with Charles Hines (Hines), a Kentucky State polygraph examiner. Prior to, and in preparation for, the examination, Hall was questioned by Hines in the same room where the polygraph equipment was located. During that questioning, Hall admitted participating in the events which gave rise to the sex-related charges involving her daughter.

In May 1998, Hall moved the trial court for an order suppressing the incriminating statements she made to Hines. She argued that the videotape of the pre-polygraph examination reflects the questioning was obviously conducted in the context of a polygraph examination, since the polygraph equipment is visible on the videotape and since Hines, during his questioning of Hall, makes references to the impending polygraph examination. Hall further argued that she had not been advised of her constitutional right to remain silent and that, if her incriminating statements were admitted into evidence, she would be entitled to introduce before the jury the circumstances surrounding her statements, inevitably resulting in a mistrial due to the inadmissibility of any reference to a polygraph examination.

In response to Hall's motion to suppress, the Commonwealth agreed that no reference could be made to the polygraph, but offered that all references to the fact that a polygraph examination was imminent could simply be deleted. In granting Hall's motion to suppress, the trial court said:

> The—the tape—you know, a picture is worth a thousand words. The tape is obvious without comment that there's a polygraph machine sitting on that desk. Also, Mr. Hines refers to a polygraph numerous times. The detective comes into that same room, and he conducts an interview with that polygraph in the same frame or a portion of the frame of the video. I don't see where I have any choice but to exclude that.
>
> It's not something I want to do; but, you know, regardless of how I feel personally about what may have happened in this case, I'm still supposed to apply the law to the facts, and the facts are very clear. You know, why they didn't take Ms. Hall out of that room when Bobby Johnson interviewed her and get a written confession, I'm not going to even try to guess. I think it would have certainly made a big difference. You know, my understanding that was their procedure. If they had an indication of a confession in a polygraph, that the investigative officer would take them into a separate room and interview them and ask them to sign a written confession. It just simply wasn't done in this case. So, the Court on the motion of the Defendant strikes that videotape and any confession coming from it as being non-admissible. Now, where does that put us?

■ The Commonwealth argues the trial court incorrectly suppressed Hall's incriminating statements, and maintains that suppression of incriminating statements made in the context of a polygraph examination are not inadmissible simply because they are made in the context of a polygraph examination. We agree.

■ Our highest Court has made clear that any reference to a polygraph examination having been administered to an accused, and the results of that examination, are not allowable. *Morgan v. Commonwealth*, Ky., 809 S.W.2d 704 (1991). However, we have held that admissions of guilt made in the context of a polygraph examination under certain circumstances may be

admitted. In *Powell v. Commonwealth,* Ky.App., 994 S.W.2d 1 (1997), we said:

> Powell next posits that her confession should be suppressed because it is a part of the polygraph examination and, therefore, she claims, inadmissible under Kentucky law. In the alternative, she argues that if the post-polygraph questioning is separate and distinct, then use of her confession is in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
>
> Of course, Powell's statements of guilt made following the polygraph examination are not the same thing as testimony by the examiner as to the results of the test itself. It is the results of the test itself and the fact that she took it which are inadmissible, not her confession after the test.

*Id.* at 3. (Citation omitted).

Here, the polygraph examination had not yet been administered to Hall. Rather, Hines' questioning was conducted prior to administering the polygraph. Considering *Powell,* we can see no reason why statements made prior to a polygraph examination are any less admissible than statements made after such an examination. We agree that the videotape made during Hall's questioning illustrates that her questioning took place in a room where the polygraph examination was to be administered, and should not be shown to the jury. However, a transcription of the questioning deleting any reference to the polygraph examination may be prepared to introduce Hall's incriminating statements.

■ Hall's brief raises a further interesting question. Hall argues that because of the fact that a polygraph examination was administered and is not admissible into evidence, her due process rights will be violated in that she will not be permitted to raise questions relating to the credibility of her admission of guilt.

■ When the confession of an accused is admitted into evidence, the accused is entitled to adduce evidence with respect to how the confession was procured, as those circumstances bear upon the credibility of the confession. *Crane v. Kentucky,* 476 U.S. 683, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986). The issue in *Crane* was whether a defendant, once his confession was admitted into evidence, could introduce additional evidence concerning the circumstances surrounding the confession, notwithstanding the trial judge's having already determined the confession was voluntarily given. The Court said:

> As the Court noted in *Jackson [v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908(1964) ],* because "questions of credibility, whether of a witness or of a confession, are for the jury," the requirement that the court make a pretrial *voluntariness* determination does not undercut the defendant's traditional prerogative to challenge the confession's *reliability* during the course of the trial.

*Crane,* 476 U.S. at 688, 106 S.Ct. at 2145, 90 L.Ed.2d at 643.

The Court further noted:

> We break no new ground in observing that an essential component of procedural fairness is an opportunity to be heard. That opportunity would be an empty one if the State were permitted to exclude competent, reliable evidence bearing on the credibility of a confession when such evidence is central to the defendant's claim of innocence. In the absence of any valid state justification, exclusion of this kind of exculpatory evidence deprives a defendant of the basic right to have the prosecutor's case encounter and "survive the crucible of meaningful adversarial testing."

*Id.* at 690–691, 106 S.Ct. at 2146–2147, 90 L.Ed.2d at 645. (Citations omitted).

While our highest Court has ruled that it is error to disclose that an accused was questioned in a room which contained a polygraph instrument, the Court also said that its decision should be considered in the context of that particular case, and "should not be regarded as announcement

of a bright line rule." *Morgan,* 809 S.W.2d at 706. Although the Court noted that Morgan sought to portray to the jury the circumstances of his confession, and cited *Crane,* it emphasized that, from the testimony, the jury had impermissibly learned that a polygraph examination had indeed been administered.

In the case now before us, no polygraph examination was administered. Consequently, there can be no inference to the jury either way. As such, and considering *Crane,* we see no reason why Hall should not be permitted to place before the jury all relevant evidence surrounding the circumstances of her questioning, should she desire to do so, for the purpose of impugning the credibility of her confession. We are persuaded in the relevancy of the decision of *Minnesota v. Schaeffer,* 457 N.W.2d 194 (Minn.1990). Although *Schaeffer* addressed circumstances in which the accused had confessed subsequent to the administration of a polygraph examination, the *Schaeffer* court nonetheless cited with approval, at page 196, the following language from *Crane:*

> The manner in which a statement was extracted is, of course, relevant to the purely legal question of its voluntariness, a question most, but not all, States assign to the trial judge alone to resolve. * * * But the physical and psychological environment that yielded the confession can also be of substantial relevance to the ultimate factual issue of the defendant's guilt or innocence. Confessions, even those that have been found to be voluntary, are not conclusive of guilt. And, as with any other part of the prosecutor's case, a confession may be shown to be "insufficiently corroborated or otherwise * * * unworthy of belief." * * * Indeed, stripped of the power to describe to the jury the circumstances that prompted his confession, the defendant is effectively disabled from answering the one question every rational juror needs answered: If the defense (sic) is innocent, why did he previously admit his guilt? Accordingly, regardless of whether the defendant marshaled the same evidence earlier in support of an unsuccessful motion to suppress, and entirely independent of any question of voluntariness, a defendant's case may stand or fall on his ability to convince the jury that the manner in which the confession was obtained casts doubt on its credibility.

> 476 U.S. at 688–689, 106 S.Ct. at 2145–2146 (citations omitted).

*Crane,* 476 U.S. at 688–690, 106 S.Ct. at 2145–2146, 90 L.Ed.2d at 644. (Citations omitted).

We believe the foregoing pronouncement is particularly applicable here, where Hall's confession occupies a substantial part of the case against her. Thus, we believe that Hall is entitled to challenge the credibility of her confession by revealing to the jury the circumstances of its making.

In summary, we rule that, during its case in chief, the Commonwealth may introduce the incriminating statements made by Hall, provided all reference to the prepolygraph examination, and any indications that questioning occurred in a polygraph examination room, are deleted. We further rule that, should Hall challenge the credibility of those statements, she may introduce all evidence relating to her questioning, including the videotape.

For the foregoing reasons, we reverse the judgment of the Floyd Circuit Court, and remand for further proceedings consistent with this opinion.

ALL CONCUR.